### EBENEZER B. WALKER *vs.* ALBERT CURTIS.

Worcester.   September 30. — October 1, 1874.   COLT & MORTON, JJ., absent.

The findings of a judge presiding at a trial upon preliminary questions of fact material to the competency of evidence introduced at the trial are not open to revision in this court.

Memoranda made by a surveyor as the results of his examinations and calculations, and minutes which help to explain such memoranda, made by him in the scope of his employment by one of the parties to an action with the consent of the other, are admissible in evidence after the death of the surveyor.

In an action to recover for digging a pit for a dam at a certain price for each yard of earth removed, the number of yards of earth was in dispute.   The plaintiff put in evidence his books, to show the whole number of days' work done on the pit, an estimate by his foreman of how many days should be deducted from the aggregate on account of workmen not engaged in digging, and an estimate of the number of yards one man would dig in a day.   *Held,* that the evidence was competent.

CONTRACT on an account annexed.   Writ dated July 24, 1872. Trial in the Superior Court, before *Allen*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions in substance as follows :

The question raised at the trial was in regard to the fourth item of the plaintiff's account, in which he sought to recover $3361.40 for excavating 9604 yards of earth, at 35 cents a yard. The defendant admitted his liability to pay the price charged per

yard for whatever earth the plaintiff excavated, at the time and place alleged, but contended that the amount stated in the account was largely in excess of the amount really excavated. It appeared in evidence that the defendant employed the plaintiff to do the earth work of a dam, at the outlet of Ramshorn pond in Sutton, and that John B. Pratt was employed by the defendant, with the consent of the plaintiff, to act as surveyor. Pratt made certain surveys of the piece of land from which earth was to be excavated before the work began, but not in the presence of either of the parties to this suit, nor were his figures or estimates seen, or assented to by them, except as hereinafter appears.

After the work was completed, Pratt again went upon the ground with a man whom the plaintiff had employed as foreman, but it did not appear that he was then in the plaintiff's employment, and made cross sections of the bottom of the pit. This was done without the knowledge of the defendant. He then sent to each of the parties a paper, signed by him, containing a statement of the cubic contents of the pit, as follows: " I certify that the pit excavated by E. B. Walker at the Ramshorn Dam contains 10,281 cubic yards." The defendant at once objected to this estimate as too large, and so informed the plaintiff and Pratt, whereupon Pratt sent another written statement, signed by him, to each of the parties, differing from the first, a copy of the one sent the plaintiff being as follows: " Oxford, July 20, 1872. Dear Sir: In reviewing the work on the Ramshorn Dam, I discovered that in my hurry I included 677 yards which were removed by the day, by the side of the road, which should be deducted from the 10,281, leaving 9604 yards. I have informed Mr. Curtis of the error by mail to-day." The defendant immediately objected to the second estimate as too large, and refused to settle with the plaintiff upon it, and employed another surveyor to measure the pit. In August, 1872, Pratt died.

At the trial the plaintiff offered in evidence to show the amount of earth excavated, the copies of the above statements sent to him by Pratt which were in Pratt's handwriting. He also offered two papers and evidence that the figures upon them were in Pratt's handwriting. These papers were found among Pratt's papers after his decease, in an envelope indorsed

in the handwriting of Pratt, "Ramshorn Dam cross section for Albert Curtis." They appeared to be two plans, one of the surface of the ground before the earth was removed, divided into cross sections with the elevation marked at each corner of the sections with reference to a bench mark, and marked in the handwriting of Pratt, "Cross sections for Ramshorn Dam;" the other of the bottom of the pit divided in the same manner into sections, with the elevation given at the corner of each section, of the surface above the bottom at that point. The plaintiff offered the evidence of an engineer tending to show that the elevations and lengths of lines upon the said two plans corresponded exactly with the banks of the pit as remaining on two sides, the other two sides of the pit having been removed. The defendant offered evidence tending to show that these elevations and length of lines did not so correspond. Pratt's field notes or original measurements were not offered in evidence.

The defendant objected to the introduction of these papers and plans including the one first sent, which stated the contents of the pit; but they were admitted, and the plaintiff was allowed to put in evidence the computations of an engineer of the contents of the pit, computed upon the basis of the various measurements and elevations upon said plans. The defendant offered the evidence of an engineer who had computed the contents of the pit on the basis of the said plans and figures of Pratt, and had drawn plans and profiles of the premises on the same basis, and evidence tending to show that the surface could not have been as high as said engineer's plans and profiles showed it must have been if Pratt's figures were correct. The engineers on both sides testified that the best way to obtain with accuracy the contents of a pit is to take the level of the surface before the excavation, and after the excavation to take the level of the bottom of the pit, and that such is the usual and proper method.

The plaintiff further offered to show the whole number of days' work done on the pit, as shown by his books, an estimate by his foreman how many days should be deducted from the aggregate on account of drivers and other workmen not digging, and an estimate of the number of yards one man would dig in a day; to which the defendant objected, but the evidence was admitted.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*F. T. Blackmer,* for the defendant.

*H. B. Staples & F. P. Goulding,* for the plaintiff.

GRAY, C. J. The findings of the presiding judge upon preliminary questions of fact material to the competency of evidence introduced at the trial are not open to revision in this court, and the bill of exceptions does not show that either of his rulings was erroneous in matter of law.

1. If the papers in Pratt's handwriting were memoranda of the results of his examinations and calculations, or minutes which helped to explain such memoranda made by him, in the scope of his employment as surveyor under the agreement of both parties to this action, they might properly, he being dead, be admitted in evidence. *Kennedy* v. *Doyle,* 10 Allen, 161, 166, 168. *Washington Bank* v. *Prescott,* 20 Pick. 339. *Jones* v. *Howard,* 3 Allen, 223. *Eastern Union Railway* v. *Symonds,* 5 Exch. 237.

2. The plaintiff's books do not appear to have been admitted as independent evidence of the whole number of days' work, but in connection with his foreman's estimates of the number of yards one man would dig in a day, and how many yards should be deducted from the aggregate on account of some of his men not being actually occupied in digging. Such estimates, made by a witness of competent knowledge, might be submitted to the consideration of the jury. *Carpenter* v. *Wait,* 11 Cush. 257. *Holyoke Paper Co.* v. *Conklin,* 2 Allen, 326. *Cornell* v. *Dean,* 105 Mass. 435. *Miller* v. *Smith,* 112 Mass.

*Exceptions overruled.*