BOSTON WATER POWER COMPANY *vs.* JAMES HANLON.

Norfolk. Jan. 16. — March 3, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

Ancient plottings for plans and field notes made by a surveyor, which are obtained from the custody of his administrator after his death, are inadmissible in evidence, at the trial of a writ of entry, to show the location of a disputed private boundary line, it not appearing that they were made by the authority or procurement of the grantors of either party to the action.

WRIT OF ENTRY to recover a parcel of land in Brookline. Plea, *nul disseisin*. At the trial in the Superior Court, before *Colburn*, J., the jury returned a verdict for the tenant; and the demandant alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*T. J. Gargan & W. Adams*, (*H. E. Swasey* with them,) for the demandant.

*C. H. Drew & R. C. Lincoln*, for the tenant.

DEVENS, J. The finding of the judge who presided at the trial, that the plottings for plans and the field notes of Mather Withington, a surveyor long since deceased, did not appear to have been made by the authority or procurement of the grantors of either party to this action, cannot be here reviewed. *Walker* v. *Curtis*, 116 Mass. 98. They did not come from the custody of either party, but from that of the administratrix of Withington. The demandant contends that they were admissible for the purpose of showing the true location of a creek which was the boundary line of the mill corporation under whom the demandant claimed, and thus its relation to what was known as the Punch-Bowl Road, in the same way that ancient maps, plans and deeds between strangers have been held admissible. *Sparhawk* v. *Bullard*, 1 Met. 95. *Morris* v. *Callanan*, 105 Mass. 129. *Drury* v. *Midland Railroad*, 127 Mass. 571.

The evidence of such ancient documents is admitted upon the ground that, although between strangers, they are of such a character as usually accompany transfers of title or acts of possession, and purport to form a part of actual transactions referring to coexisting subjects by which their truth can be tested, and there is deemed to be a presumption that they are not fabricated. But plottings for plans and field notes are memoranda only, which may never have been acted on. They are preparations for a transaction which may never have taken place. The fact that they are so full that plans could be made from them is not important; they still lack the element which makes plans admissible.

Nor are they admissible as the declarations of a person deceased. The rule which permits the introduction of reputation or tradition, or declarations of persons deceased, as to matters of public or general interest, does not extend to questions of private boundary. *Hall* v. *Mayo*, 97 Mass. 416.

As we are of opinion that the plottings and field notes were rightly rejected, which was the only question argued before us, the entry must be                    *Exceptions overruled.*