## SMITH v. HAWLEY, Sheriff.

1. Plaintiff shipped certain wheat to P., to be sold, and the proceeds placed to his account. The proceeds were afterwards attached as the property of a third party. *Held* that, on evidence of such shipment, enteries in the books of P. in relation to the transaction, made in the ordinary course of business, and in the hand writing of a bookkeeper since deceased, were admissible as part of the *res gestae*.

2. In an action against a sheriff for conversion by wrongful attachment, a disclosure in the attachment suit by a witness since deceased is not admissible against the sheriff, where he was not a party to the attachment suit.

(Syllabus by the Court. Opinion Filed April 7, 1896.)

Appeal from circuit court, Brookings county.   Hon. J. O. ANDREWS, Judge.

Action for conversion by attachment of the proceeds of grain while in the hands of the vendee.    Plaintiff had judgment and defendant appeals.    Reversed.

The facts are stated in the opinion.

*Alexander & Fairlamb* and *John A. Hooker*, for appellant.

In order to render books of accounts or entries therein admissible as evidence, it must first be shown that the books were kept in the usual course of business; that the entries are the original entries and that they are in the handwriting of some person authorized to make the same.   Stickney v. Bronson, 5 Minn. 173; Newell v. Holton, 22 Minn, 19; Paine v. Sherwood, 21 Minn. 225-239; M'Coul v. Lekamp's Admx. 2 Wheat. 111; 1 Wharton on Evi. § 238; Burby v. German American Bank, 111 U. S. 216. Evidence given by a witness in a previous action or proceeding is competent, for the purpose of proving the matter stated, in a subsequent action, when the witness has died after giving his testimony in the former action or proceeding, only (1) when the person against whom the evidence is to be given had the right and opportunity to cross examine the declarant, when he was examined as a witness.    (2) When the questions in issue were substantially the same as in the second proceeding; and (3) when the action was between the same parties or their representatives in interest.   Stephens Dig. Evi. 48; Mayor v. Day, 3 Taun. 265; Doe v. Tathan, 1 A. & E. 319; 1 Wharton on Evi. (2d. ed.) 167-177; Marshall v. Hancock, 80 Cal. 82.

*Cheever & Hall*, for respondent.

The rule invoked by appellant as to admissibility of the books of account in evidence is not the rule applicable in this case, wherein the books of a third party are offered as a part of the *res gestae.*   The rule is not the same as in a case where a party seeks to prove an account of his own keeping by his own books.   Lassone v. B. & L. R. R. Co., 17 L. R. A. 525; 1 Greenl. Ev. §§ 116 and 120.   The testimony of the deceased witness

was a part of appellant's return, and he is esstopped from questioning it as an instrument to identify the property attached. Griswold v. Sunback, 4 S. D. 441, 57 N. W. 340; Greenleaf on Evi. 27, 207-8.

FULLER, J. Based upon a claim of ownership, plaintiff instituted this action against a sheriff to recover $277.54, which he alleges the defendant wrongfully converted. The issues presented by the answer, in which plaintiff's ownership is denied, and in which the defendant pleads a justification under legal process, were tried to the court and jury. This appeal is by the defendant, from a judgment against him in plaintiff's favor for $259.27, including interest. If there is no reversible error in the admission of evidence, the following material facts are fairly established. In the winter and spring of 1893 respondent stored about 1,600 bushels of wheat in a warehouse operated by H. S. Murphy, through his agent and buyer W. E. Hendricks, taking a receipt therefor, in which no price or value was stated. About 800 bushels of grain was placed in a separate bin. On the 18th day of June, 1893, Hendricks quit the employ of Murphy, but remained at the same place of business, and bought grain for the Davenport Mill Company. The grain in question was never sold to Murphy, and on the 22nd day of June, respondent called at the warehouse and requested Hendricks to pay him for the wheat, all of which had been shipped or disposed of excepting about 488 bushels, which still remained separate from other grain, and undisturbed, in the bin where the same was placed when delivered. This grain, which was immediately turned over to respondent, was, upon the following day, and in his presence, loaded from the bin into a car, which was billed to Minneapolis, and shipped, at respondent's request, in the name of Mr. Hendricks, to C. E. Peck & Co., who, in the due course of business, received, at Elkton, $247.77 as the net proceeds thereof, and upon which, as the property of H. S. Murphy, the appellant sheriff levied an attachment, at

the suit of the plaintiff, in an action then pending, wherein M. H. Casey was plaintiff and H. S. Murphy was defendant. This attachment was continued in force until judgment was docketed in plaintiff's favor against the defendant Murphy, when execution issued thereon, and the defendant herein, by virtue thereof, levied upon the money thus attached, and applied the same in satisfaction of said judgment. Before the commencement of this action respondent duly demanded said money of appellant.

The testimony of witnesses as adduced at the trial will be discussed only so far as the same is deemed essential to a determination of certain of the objections which counsel for appellant interposed thereto. The bookkeeper of the Mill Company or C. E. Peck & Co. produced the firm books, and, after stating that he had the custody and control of the books and records showing all shipments of grain to C. E. Peck & Co., and that he was not connected with the concern at the time of the statement in question, but that it was the custom of the firm to keep a record of all such transactions, and that the books were kept by the company, and the entries relating to the money in question were made in the handwriting of C. E. Peck, since deceased, counsel for respondent were allowed, over appellant's objection, to introduce in evidence certain entries thus identified, and appearing upon the blotter, journal, and ledger produced by said bookkeeper, which tended to show that the money in dispute, the proceeds of respondent's car load of wheat, had been received by C. E. Peck & Co. on the 26th day of June, 1893. That the entries had not been shown to be original, and that the books had not been "identified as the books of any particular firm or corporation," were the grounds specified in the objection of counsel for appellant to the introduction thereof. Independently of these entries it had been shown by the testimony of Mr. Hendricks, introduced without objection, that the grain turned over to respondent was shipped to C. E. Peck & Co., on the 23d day of June, and we think the preliminary evidence though to some extent un-

certain, was, when considered with other facts and circumstances before the trial court, sufficient to show that the entries were made in the ordinary course of business by Mr. Peck, and in the due performance of his duty as the bookkeeper of the firm.   As the blotter, presumably the book of original entry, the journal and the ledger were clearly proved to be the books of the firm, and the entries to be in the handwriting of Mr. Peck, whose duty it was to keep said books, our conclusion is that the evidence was not subject to the objection interposed and that the same was admissible as a part of the *res gestæ.* These entries, made before any question arose as to the ownership of the money now in dispute, purport to have been made at the time of, with reference to, and in acknowledgment of a liability upon the part of C. E. Peck & Co., arising from the receipt of the proceeds of respondent's car load of wheat, and the fact that the party making such entries has since died, does not render the evidence inadmissible, had the objection been sufficient to present that question for review.   Lassone v. Railroad Co. (N. H.) 24 Atl. 902; Reynolds v. Sumner, 126 Ill. 58, 18 N. E. 334; Carpenter v. Camp, 39 L. Ann. 1024, 3 South. 269; State v. Phair, 48 Vt. 366; Walker v. Curtis, 116 Mass. 98.

Appellant, in effect, certified in his return upon the warrant of attachment, issued in the action of Casey v. Murphy, and which was introduced at the trial of this cause in respondent's behalf, over appellant's objection, that, C. E. Peck had, by order of court, appeared before John A. Hooker, a referee, on the 6th day of June, 1893, and had disclosed under oath certain recited facts relative to the matters now in controversy, and in consequence of which, and by virtue of the attachment, a levy was made and declared upon certain moneys shown by such disclosure to be the property of the defendant Murphy, and in the hands of said Peck, or the Mill Company, of which he was at the time secretary.   Obviously, for all essential purposes, said John A. Hooker, referee and clerk of the court before whom this case was being tried, was called as a witness, and

produced for identification the testimony of Mr. Peck, deceased, given at the time specified in appellants return, in connection with the attachment proceedings and before said referee, in response to questions propounded by the attorney for the plaintiff in the attachment suit; and, after the witness had stated that said Peck was duly sworn, and that the questions and answers were at the time correctly reduced to writing by said referee, and recorded in full, the same was offered and received in evidence, over the objection that said disclosure was ''incompetent and immaterial, and the further ground that the defendant had no opportunity to cross examine the witness who testified at the time, he not being a party to the action.'' This evidence tended strongly to show that the money in suit belongs to respondent, and to contradict appellant's return, so far as the same recited in substance, that it was disclosed before the referee, by the examination of the witness Peck under oath, that the money in the hands of said Peck, seized and now in controversy, belonged to the attachment debtor. It would be useless, however, to state and discuss the force and effect of the testimony of Mr. Peck, taken before the referee, as the only question that can be considered, under the foregoing objection to the introduction thereof, is whether such testimony ought to have been excluded, for the reason that appellant was not a party to the action or proceedings in which the same was taken and had an opportunity to cross examine the witness. The statements of Mr. Peck, given without cross examination before the referee, which went most directly to the question of the ownership of the money, and by which the same was measurably established, were hearsay in character, and the witness, if present in court, would not be permitted, over a valid objection to detail the same. Moreover, in all cases, before the testimony of a witness, since deceased, can be used upon the trial of a cause, it must be made to appear that said evidence was used in an action or proceeding between the same parties, or their representatives in interest; that the issuable matter in the case

upon trial, to which the same relates, was in substance the same in the former proceeding; and that the party against whom such evidence is to be used had the right and opportunity to cross examine the witness when such evidence was adduced. Marshall v. Hancock, 80 Cal. 82, 52 Pac. 61; 1 Rice, Ev. p. 395; McMorine v. Storey, 34 Am. Dec. 374; 1 Whart, Ev. 177. The *ex parte* and hearsay statements under consideration, given in a proceeding between entirely different parties, wherein appellant had neither right nor opportunity to cross examine the witness, were highly prejudicial to his cause, and the objection to the introduction thereof should have been sustained.

We have determined only such questions of evidence as appear likely to arise upon a retrial, and the assignments of error, so far as it has been necessary to extend our examination, are not subject to the objections discussed in the brief of respondent's counsel. The judgment is reversed, and a new trial is ordered.