SMITH *v.* HAWLEY.

---

### SMITH v. HAWLEY, SHERIFF.

1. Plaintiff stored wheat in an elevator and afterwars withdrew a car load thereof, and shipped to a consignee, who sold it for his account. Defendant levied on the proceeds in the hands of the consignee as the property of the warehouseman. On a former appeal in the action to recover this money from defendant, it was held that the disclosure of the consignee, who had died before the trial, was not competent evidence against defendant. Plaintiff called defendant to explain an ambiguity in his return of levy, and identify the fund levied on, and, on his statement that he could not tell, without refreshing his memory with such disclosure, was directed to, and, over his own objection, did, examine the same, and then testify to the facts. *Held,* that the disclosure, though incompetent in itself, was properly used to refresh the recollection of the witness, especially as he was ad-

verse to the party calling him, and professed his inability to testify as to an important fact unless his memory was so refreshed.

2.  Where, in an action against a sheriff to recover the proceeds of certain wheat levied on in the hands of plaintiff's consignee as the property of a stranger, the court has charged that plaintiff cannot recover unless the wheat was plaintiff's, delivered to the consignee for plaintiff's sole benefit, and the proceeds passed into the consignee's hands as a special fund for plaintiff, it was not error to refuse to charge that plaintiff could not recover if he sold the wheat to the consignee.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Brookings county. HON. J. O. ANDREWS, Judge.

Action for conversion of personal property by William H. Smith against W. H. Hawley, sheriff of Brookings county. From a judgment for plaintiff, defendant appeals. Affirmed.

*Alexander & Hooker,* for appellant.

*Cheever & Hall,* for respondent.

HANEY, J. In February and March, 1893, the plaintiff delivered 1,610 bushels of wheat at a warehouse in Bushnell, owned by H. S. Murphy, and managed by W. E. Hendricks, his agent. In June, 1893, Murphy having left the country, the plaintiff called upon Hendricks, and demanded his wheat, or the price of it. He was informed that Hendricks had no money, but that there was about one carload of his wheat in the warehouse. Thereupon, in pursuance of an understanding between the plaintiff and Hendricks, the wheat formerly delivered by the plaintiff, and still remaining in the warehouse, was shipped to Minneapolis in the name of Hendricks, consigened to C. E. Peck & Co., of Elkton, S. D. The bill of lading was transferred by Peck & Co. to a commission firm in Minneapolis, and in due course of business the net proceeds of the wheat, amounting to $257.77, came into the hands of Peck & Co. or the Elkton Mill

Company. Subsequently certain sums of money alleged to be due and owing to Murphy, in the possession of Peck & Co., were seized by the defendant, as sheriff, and applied in satisfaction of an execution against Murphy. The plaintiff, claiming that the proceeds of the car of wheat shipped by Hendricks had been converted by the sheriff, brought this action to recover the same. A verdict having been rendered in favor of the plaintiff, and judgment entered thereon, defendant appealed.

The appeal being from the judgment alone, only errors in law occuring at the trial can be reviewed. As tried below, the material issues were whether plaintiff owned the proceeds of the wheat which came into the hands of Peck & Co. or the Elkton Mill Company, and whether that particular fund was seized by the defendant. Attached to the sheriff's return in the attachment proceedings against Murphy, introduced in evidence by the plaintiff, was the following notice: "To the Elkton Mill Co.; Take notice that I have this day levied upon all the property in your hands or under your control belonging to the said defendant, H. S. Murphy, and more particularly upon the sum of $93.47 and the sum of $243.57, referred to in your disclosure in the above-entitled action as the proceeds of the sale of two cars of wheat received by you from the agent of the said H. S. Murphy, at Bushnell, S. D., viz. W. E. Hendricks. I make this levy under and by virtue of a warrant of attachment issued in this action on the 26th day of June, 1893, a copy of which was by me served upon you on said day. W. H. Hawley, sheriff of Brookings county, S. D." The defendant, having been called as a witness on behalf of the plaintiff, was interrogated concerning his return, for the manifest purpose of showing that the money levied upon under the attachment, and subsequently applied upon the execution, included the proceeds of the wheat claimed by the plaintiff. The witness having stated that

the foregoing notice was served upon C. E. Peck, that the disclosure referred to in such notice was one made by Peck before the referee on the same day such notice was served, and that he was not positive what funds were referred to in the notice, but that he could tell by referring to the record of the disclosure, he was asked the following questions by the court: "Q. Now, Mr. Hawley, you see your return is not quite full and complete as identifying the car of wheat, or the one of which that is the proceeds. Now, you may explain the ambiguity or admission and tell what grain you refer to in your return. A. Well, I want to get at what I am swearing to. I could not swear at this time that I remember what the disclosure was. As I say, Mr. Alexander drew up the notice, and I served it, I was there during some of the disclosure, but I would not swear at this time that I have a remembrance of what the disclosure was, but, after looking over his evidence on the disclosure, I can tell you what is referred to. Q. Do you desire then, to refer to the same documents which you referred to when you made this levy? A. I should, if I was sworn to it." Thereupon the witness was permitted to read the record of the disclosure made by Mr. Peck to which his notice referred, against the objections of his counsel, and he was subsequently closely interrogated by counsel for plaintiff in an effort to make him admit that the fund mentioned in the notice attached to his return was the proceeds of the car of wheat claimed by the plaintiff. On a former appeal in this action it was decided by this court that the record of the Peck disclosure (Mr. Peck having died before the trial) was not admissible against the defendant's objection (Smith v. Hawley, 8 S. D. 363, 66 N. W. 942), and it is now contended that the court erred in allowing the witness to refresh his memory with an inadmissible writing. It would certainly be improper to indirectly introduce an inadmissible instrument by

having a witness testify to its contents under the guise of refreshing his memory, but that it not the proposition. presented in this case. The witness was hostile to the party conducting the examination. He was the opposite party, and naturally unwilling to admit a fact prejudicial to his interests. Therefore it was entirely proper to submit him to a most thorough cross-examination for the purpose of establishing a material fact believed to be within his personal knowledge. His return referred to a written instrument, to which it was proper to call his attention for the purpose of ascertaining what he knew and intended when the return was made. The object of this examination was to explain, not to contradict, the sheriff's return. We have carefully considered all of defendant's testimony as a witness for the plaintiff, together with the numerous objections interposed by his counsel, and conclude that, under the circumstances shown by the record, no reversible error was committed by the trial court in respect thereto.

The court's refusal to give the following instruction is assigned as error: "If you shall find from the evidence that the plaintiff, William H. Smith, delivered the grain mentioned in the complaint to H. S. Murphy, or W. E. Hendricks, his agent, and received in return for the same tickets or tokens of H. S. Murphy, with the price marked thereon, intending to accept such tickets or tokens as the obligation of said Murphy to pay the price thereon marked for such grain, such transaction would constitute a sale of such grain to said Murphy and in that case the only recourse of said plaintiff would be the personal credit of said Murphy, and he could not recover as against the defendant." There was no evidence to warrant the submission of this issue. The following testimony of Hendricks is corroborated, and uncontradicted: "In the month of June, 1893, I was in Bushnell, engaged in the grain business—buying grain. I

was working for the Davenport Mill Co. at that time—the latter
part of the month—and H. S. Murphy the first part. I was operat-
ing this warehouse of Murphy's during the previous months of 1893.
During the spring of 1893 the plaintiff delivered wheat to me there.
About 1,500 or 1,600 bushels. He left it to be sold any time he was
ready to sell it. He did not sell it at the time he delivered it. He
deposited it with me. He had two kinds of wheat, and we put it
in two different bins of equal amounts—somewheres about 800
bushels of one kind and 800 of the other—and we kept it separate.
We put the soft wheat in a bin by itself. There was a little smut in
that, and we kept it separate. We didn't like to mix it with the blue
stem wheat." It is contended that the court erred in refusing to
give the following instruction requested by the defendant: "If
you should find from the evidence that the wheat in question was
the property of the plaintiff, and was by him, through the agency of
W. E. Hendricks, or otherwise, shipped out and sold to C. E. Peck
& Co., or the Elkton Mill Company, in that case your verdict must
be for the defendant, for the reason that his sole recourse in that
case would be upon the personal credit of the said C. E. Peck &
Co. or the Elkton Mill Co., and no fund could thereby be created,
in the hands of such firm or company, which could be the subject of
a conversion by a third party." It is doubtful if the evidence would
justify a finding that the wheat was sold to Peck & Co., but, however,
that may be, the issue was clearly covered by the following portion
of the charge given upon defendant's request: "In order to justify
a verdict for the plaintiff, the following facts must be proved to your
satisfaction, by a preponderance of the evidence: First, that the
grain in Bushnell, at the time it was shipped to C. E. Peck & Co.
at Minneapolis, was the absolute and unconditional property of the
plaintiff; second, that such grain was delivered to C. E. Peck &

Co., as a consignment for the sole use and benefit of the plaintiff; third, that the proceeds of such grain passed into the hands of the Elkton Mill Company as a special fund or deposit for the sole use and benefit of said plaintiff; and fourth, that the defendant levied upon and took into his possession that identical fund."

Having considered all the assignments of error presented by an appeal from the judgment alone, to which attention is called by appellant's brief, without discovering any reversible error, the judgment of the circuit court is affirmed.