CLARENCE LIVINGSTON v. STATE.

192 So. 327
Division B
Opinion Filed November 24, 1939

*Roach & Hoyl,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Writ of error from the Circuit Court of the Fifteenth Judicial Circuit, Broward County. Plaintiff in error, hereafter called defendant, is charged with murder in the first degree of one Rufus Sapp, a boy 18 years old. Defendant, Clarence Livingston, owned and operated a colored dry-cleaning establishment in Ft. Lauderdale. He purchased a load of wood from one Naaman Harris, paying

part of the purchase price then and promising to pay the rest later. On the following Sunday Clarence saw Rufus, stepson of Naaman, and gave him, as he alleged, the remainder of the purchase price to give Naaman. Rufus delivered only part of the money to Naaman, who went to defendant to collect the remainder. Defendant swore he had paid Rufus in full. An argument followed, taking place on the premises of defendant. Defendant went into his house, returning a few minutes later with a pistol, with which he shot Rufus. The gun was fired twice but only one bullet hit Rufus.

Defendant immediately went to the police station and gave himself up, saying he had shot a boy in a fit of passion in an argument over a dollar. Indictment was filed, and defendant interposed a plea of abatement, alleging that the person signing the indictment as prosecuting attorney had no authority to do so. Prosecuting attorney filed a demurrer to the plea in abatement, same being sustained.

At the trial defendant tried to introduce an alleged map of the premises to show the relative positions of the houses, streets, and lots. Court refused to allow the map into evidence, and this was assigned as error.

In his argument to the jury, assistant prosecuting attorney mentioned the fact that in the recent McCall kidnaping case it was shown that McCall was of excellent character and the son of a preacher. These statements were made by reason of the fact that defendant's character had been put in issue, and had been shown to be very good.

The jury returned a verdict of guilty of murder in the first degree, with a recommendation of leniency. Defendant moved for a new trial, which was denied. The seventh and eighth assignments of error are based on assistant prosecuting attorney's remarks concerning the character and reputation of Franklin P. McCall. In his motion for a new

trial, this point was urged. It was error to overrule the objection, and not instruct the jury to disregard the improper remarks of counsel. As was said in Henderson v. State, 94 Fla. 318, 113 So. 689, 696:

"While it is the duty of the trial judge, whether requested or not, to check improper remarks of counsel to the jury, and to seek by proper instructions to the jury to remove any prejudicial effect they may be calculated to have against the opposite party, the general rule is that a verdict will not be set aside by an appellate court because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection was made at the time of their utterance and a ruling of the court secured thereon and an exception to such ruling duly taken. Graham v. State, 72 Fla. 510, 73 So. 594, and cases cited; Akin v. State, 86 Fla. 564, 98 So. 609; 16 C. J. 914. This rule is, however, subject to the exception that if the improper remarks are so obviously prejudicial and of such a character 'that neither rebuke nor retraction may entirely destroy their sinister influence,' a new trial should be awarded regardless of the want of objection or exception. Akin v. State, *supra,* 16 C. J. 914."

It is our opinion that the remarks made by assistant prosecuting attorney were prejudicial to the fair trial of defendant, inasmuch as the crime charged to McCall was committed very near Broward County just a short time before this trial and aroused such widespread publicity, creating strong public sentiment against anyone charged with committing a crime.

This is sufficient to reverse the judgment of the trial court and order a new trial, but inasmuch as there are certain points raised here that may be raised on the second trial of

the case, we shall dispose of them in order to facilitate such proceedings.

Defendant questions the authority of Mr. Maire to sign the indictment as prosecuting attorney. This Court will take judicial notice of the public records of commissions to office on file in the office of the Secretary of State, and it appears from said records that in 1935 Mr. Maire received a commission as Prosecuting Attorney of the Fifteenth Judicial Circuit, entitling him to execute the duties of this office. He has since performed said duties, and defendant cannot in this manner challenge his rights, or the legality of any of his actions. (18 C. J. 1300.) Mr. Maire is not a party to this proceeding and his right to sign the indictment cannot be questioned in this criminal prosecution.

Defendant assigns as error the failure of the court to allow a map of the premises into evidence. The weight of authority allows the introduction of maps and drawings in evidence, not as independent evidence, but in connection with other evidence and to enable the jury to understand and apply such evidence. But the correctness of the map or drawing, and whether or not it is proved to be a true representation, are questions to be decided primarily by the trial judge. West v. State, 53 Fla. 77, 43 So. 445; Ortiz v. State, 30 Fla. 256, 11 So. 611; Blair v. Inhabitants of Pelham, 118 Mass. 420. In the latter case, it is said:

"Whether or not it (map, photograph, etc.) is sufficiently verified is a preliminary question of fact, to be decided by the judge presiding at the trial, and not open to exception. Commonwealth v. Coe, 115 Mass. 481, 505; Walker v. Curtis, 116 Mass. 98."

In Walker v. Curtis, *supra*, it is said:

"The findings of the presiding judge upon preliminary questions of fact material to the competency of evidence

introduced at the trial are not open to revision in this court, and the bill of exceptions does not show that either of his rulings was erroneous in matter of law."

In order for this Court to find error in the lower court for not allowing such maps and drawings in evidence, a clear abuse of the discretion of the trial judge must be made to appear.

The judgment of the trial court is reversed and a new trial ordered.

Reversed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.