51 So.2d 494 (1951)
STEWART
v.
STATE.
Supreme Court of Florida, Division A.
April 3, 1951.
Clifton M. Kelly, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen. and Murray Sams, Jr., Asst. Atty. Gen., for appellee.
TERRELL, Justice.
Appellant was indicted, tried and convicted on a charge of fondling an infant under the age of fourteen years, contrary to Section 800.04, Florida Statutes 1949, F.S.A. Motion for new trial was overruled and a sentence of five years in the state penitentiary was imposed. This appeal is from that judgment.
It is first contended that the assistant prosecuting attorney, in his argument to the jury, committed reversible error in that he made the following statement to them: "The time to stop a sexual fiend and maniac is in the beginning and not to wait until after some poor little child or some little girl lost her life * * * or mutilated."
This court has so many times condemned pronouncements of this character in the prosecution of criminal cases that the law against it would seem to be so commonplace that any layman would be familiar with and observe it. We have not only held that it is the duty of counsel to refrain from inflammatory and abusive argument but that it is the duty of the trial court on his own motion to restrain and rebuke counsel from indulging in such argument. The pronouncement complained of was a pure gratuity without any basis in the record for it. The Supreme Court of the United States and the Courts of last resort throughout the country have condemned this kind of prosecution. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629-633, 79 L.Ed. 1314, decided April 15, 1935; Smith v. State, 147 Fla. 191, 3 So.2d 516; Smith v. State, 101 Fla. 1066, 132 So. 840; Oglesby v. State, 156 Fla. 481, 23 So.2d 558; Deas v. State, 119 Fla. 839, 161 So. 729; Livingston v. State, 140 Fla. 749, 192 So. 327 and many others.
It would seem trite to state that the reason the courts throughout the country have condemned this type of abuse is that we are committed to the principle of fair and impartial trial, regardless of the offense one is charged with. So it is immaterial what one is charged with, he *495 is entitled to a fair and orderly trial in an environment reflecting the constitutional guarantees which constitute fair trial. Under our system of jurisprudence, prosecuting officers are clothed with quasi judicial powers and it is consonant with the oath they take to conduct a fair and impartial trial. The trial of one charged with crime is the last place to parade prejudicial emotions or exhibit punitive or vindictive exhibitions of temperament. It imposes an added burden on the taxpayers for court expenses and clutters the docket of this court with unnecessary appeals.
Other assignments have to do with the qualification of the prosecutrix as a witness, charges requested and denied and the order of the trial court overruling the motion for new trial. We have examined these assignments but we cannot say that reversible error was committed except as to the first assignment for which the judgment must be and is hereby reversed.
Reversed and a new trial awarded.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.