RAWLS, Acting Chief Judge
(dissenting).
In Stewart v. State, 51 So.2d 494 (Fla.1951), the Supreme Court stated:
“Under our system of jurisprudence, prosecuting officers are clothed with quasi judicial powers and it is consonant with the oath they take to conduct a fair and impartial trial. The trial of one charged with crime is the last place to parade prejudicial emotions or exhibit punitive or vindictive exhibitions of temperament.”
The foregoing excerpt is most applicable to the record in this cause, and thus I agree with appellants’ Point II on appeal that the trial court should have granted a mistrial on the grounds that the prejudicial misconduct of the prosecutor precluded the appellants from obtaining the right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments, U.S. Constitution, and Article I, Section 16, Florida Constitution.
The following examples from the transcript of the trial proceedings disclose repetitive instances relating to prosecutorial misconduct:
“THE COURT: There is an excessive amount of testimony inadvisable going on in this case as I have continually sustained objections to and had to direct the jury to disregard and if this matter continues, I will be compelled to declare a mistrial in the matter, Mr. Silberhorn [assistant state attorney]. The witnesses are experienced Officers and I must assume that they have been directed as to the inadmissibility of testimony which is hearsay in nature and which they assume, which they conclude and things that have been done by other Officers and if it continues and the State’s witnesses and the State’s case continues then I must assume that this type of testimony that *1040 I’m having to strike from the record and direct the jury to disregard will become so cumulative in nature that it will damage the defendants [appellants] as to a fair trial in this case and I am putting you on notice at this time that this is the Court’s feeling . . .
“MR. DEMPSEY [attorney for appellant Rowell]: Your Honor, at this time, I am going to ask the Court to admonish the Assistant State Attorney to refrain from making these gestures. He’s gesturing physically with his arms and hands in front of the jury and asking questions and when answers are made by the witness and this has gone on throughout the trial. At this point, I think it ought to be stopped.
“THE COURT: I think this is grounds for a mistrial if he continues doing it. “MR. SILBERHORN [assistant state attorney]: Your Honor, the State does not know how this gets on the record by mere allegations and goes on appeal when the State is not doing anything but asking questions.
“THE COURT: Mr. Silberhorn, this Court has direct knowledge of observations of this type of thing and I think that you should take that into consideration as far as the motion is concerned and I think there has been some actuation and there has been some facial expressions one way or the other that have been made towards the jury which is really improper but as far as the request of defense counsel to caution you, I will grant that motion and admonish you not to do it further.”
“THE COURT: Counsel, come in chambers with the reporter.
(Whereupon, the following further proceedings were had in the chambers of the court:)
“THE COURT: Mr. Silberhorn, you have a responsibility to try the case for the State. The Court has a responsibility to run the trial. I find that your actions through this trial as far as your grimaces on your face, your obvious disagreement with the Court in the presence of the jury and any ruling that goes against you to be offensive to the Court and borders on contempt and if it continues, this is precisely my course of action.
“Now, you are here to represent the State in a trial. You have gone into cross examination with repetitions to the point that it has become so obvious that the Court has had to caution you without objection and you’re going into an area now that is not relevant. .
“Now, you’re going to the point that if it continues, you are going to get into a situation.
“MR. SILBERHORN: I understand exactly what you’re saying, Your Honor, and if that’s been occuring, I apologize. “THE COURT: I don’t want this to happen again. Furthermore, I do not expect you to smile when you get a ruling in your favor or a grimace on your face when you get one that is not in your favor. I’m here to call the shots down the middle and to see that there is a fair trial for the State and for the defendants. I don’t want any more of this.”
The trial judge valiantly sought to preserve the integrity of this trial and to preclude conduct on the part of the assistant state attorney that is more appropriately sought by little theatre groups. Unfortunately, the trial judge failed to declare a mistrial after he was unable to prevent prosecutorial misconduct.
I would reverse in order that these appellants be afforded their state and federal constitutionally guaranteed rights to that which I do not believe they received — A FAIR TRIAL.