183 So.2d 291 (1966)
Thomas C. HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5867.
District Court of Appeal of Florida. Second District.
February 23, 1966.
*292 Pat Whitaker, Jr., Tampa, and R. Philip Haddock, Lakeland, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
HOBSON, Judge.
Appellant, defendant below, makes timely appeal from judgment and sentence entered pursuant to a jury verdict finding defendant guilty of a crime against nature. Defendant was sentenced to five years in prison.
The complaining witness, one Raymond C. Dudley, testified that he went to defendant's home; found him shaking, crying and threatening to commit suicide; and was then "attacked" by defendant.
After this, according to the testimony, a Reverend Rich came to defendant's home. Dudley testified that in his presence the defendant told Reverend Rich that he was a homosexual and had slept with twenty members of Rich's church. Defendant objected to the admissibility of this later testimony on the ground that it constituted a direct attack upon defendant's character *293 which had never been placed in issue and was an attempt to prove other offenses unconnected with the crime charged. The defendant contended the cumulative effect of this testimony subjected the defendant to be tried for being a homosexual, not itself a crime, and committing many homosexual acts, rather than being tried for the crime charged in the Information, i.e., the abominable and detestable crime against nature with, on, and upon Raymond C. Dudley on January 2, 1964.
Reverend Rich was then called upon to testify. He stated that when he arrived at defendant's home defendant asked Dudley if he should be honest with the pastor. Reverend Rich testified that defendant said, "I want you to know that I am a homosexual" and also that defendant told him he had had relations with many prominent men. Defendant objected to this testimony on much the same grounds as set out above and again his objections were overruled.
This record is completely devoid of any evidence which would constitute a confession or admission of the crime with which the defendant was charged.
The testimony elicited by the State from Dudley and Reverend Rich, which is outlined above, comes under the law of "similar fact evidence." In the case of Williams v. State, Fla. 1959, 110 So.2d 654, the law governing the admissibility of this type evidence is clearly set forth by Justice Thornal in an erudite opinion analyzing both the history and case law relating to this subject. Subsequent cases have applied and further clarified the "relevancy" test laid down in Williams, supra. See Griffin v. State, Fla.App. 1960, 124 So.2d 38; Horner v. State, Fla.App. 1963, 149 So.2d 863; State v. Norris, Fla. 1964, 168 So.2d 541; and Wilson v. State, Fla.App. 1965, 171 So.2d 903.
The Williams case, supra, held the test regarding the admissibility of similar fact evidence which tends to reveal the commission of a collateral crime is "relevancy."
"Our view of the proper rule simply is that relevant evidence will not be excluded merely because it relates to similar facts which point to the commission of a separate crime. The test of admissibility is relevancy. The test of inadmissibility is a lack of relevancy." Williams v. State, supra, 110 So.2d pp. 659-660.
We emphasize here as was done by Justice Thornal in Williams v. State, supra, that the question of the relevancy of this type of evidence must be scrutinized with utmost caution prior to determining it to be admissible.
Similar fact evidence is relevant and admissible when it directly bears upon the character of the act in question by showing motive, intent, absence of mistake, common scheme, identity, or a system of a general pattern of criminality. If its sole relevancy is to show bad character or propensity of the accused, it will be excluded. See Williams v. State, Fla. 1962, 143 So.2d 484; Norris v. State, Fla.App. 1963, 158 So.2d 803; and Talley v. State, 1948, 160 Fla. 593, 36 So.2d 201.
In applying the rule of relevancy to the similar fact evidence in this case we conclude that the evidence in the case at bar is not relevant to any issue of material fact and its sole effect was to show a propensity and bad character.
The similar fact evidence in the instant case is clearly analogous to that in the case of Hooper v. State, Fla.App. 1959, 115 So.2d 769.
"After having secured from the defendant an indication that he was willing to confess, the police lieutenant and the fire inspector, who were in charge of the case, proceeded to interrogate the defendant in the presence of a court reporter not only *294 as to the crime with which he was later charged but as to other fires of which they had knowledge. The interrogation as to these additional fires consisted entirely of the question: `Did you do this crime?', and the answer, `Yes'. This procedure was followed in discussing fifteen crimes, which took place from 1954 to date. At the time of the trial the state introduced the entire transcript including a confession for all of the alleged crimes with the natural implication that the defendant was a dangerous and a habitual arsonist." p. 770.
In reversing the conviction the Court stated:
"Applying this rule, we hold the evidence concerning fifteen other crimes of arson committed over a five year period was not shown to be relevant to the crime charged, and such evidence was used by the state to inflame the minds of the jurors that the accused was a dangerous firebug, i.e., the sole relevancy of the evidence was to show the propensity of the accused to set fires. The state failed to show that the evidence of other crimes had probative value or was relevant to establish a plan, scheme, or design." p. 771.
The evidence admitted by the trial court in this case bore with deadly effect upon the character and propensities of the defendant. This is in violation of well-established precedent. It would be difficult to find a factual setting where the evidence was more clearly inadmissible due to a lack of relevancy and its sole purpose being to show bad character and propensity, thereby creating in the minds of the jurors more heat than reflecting light.
While we are not in sympathy with the alleged conduct of this defendant, he has the constitutional right, like every citizen, to a fair and impartial trial. In consideration of our societal attitudes regarding such alleged conduct it is necessary that all available safeguards be employed to insure such a trial. It is without question that the testimony in this case severely prejudiced the defendant and he was convicted not solely upon the acts set forth in the Information but also for being a homosexual and having committed numerous homosexual acts, for which he was not being tried.
The other points of law argued and relied upon by appellant are either without merit or, in view of our conclusion, unnecessary to be treated on this appeal.
For the reasons set forth above, the judgment and sentence are set aside and this case remanded for a new trial. It is so ordered.
LILES, Acting C.J., and KANNER, (Ret.), J., concur.