AQUILINO LOPEZ, Jr., Associate Judge.
The appellant, defendant below, was charged in Dade County Criminal Court of Record in a two-count information with (1) unlawfully threatening to throw, place or discharge deadly explosives, and (2) extortion. The defendant was tried by a jury and found guilty as charged. The trial judge sentenced him to 20 years in the State Penitentiary on Count 1 and 10 years in the State Penitentiary on Count 2, the sentences to run consecutively. Motion for a new trial was denied, hence this appeal.
*618 Appellant's assignments of error present three points of law for disposition: (1) Did the prosecuting attorney in his final argument to the jury comment on the defendant’s failure to testify in his own behalf in violation of Section 918.09 Florida Statutes, F.S.A.? (2) Was the evidence inadmissible establishing the commission of over 20 separate crimes at trial because it constituted a general assault on the defendant’s character? (3) Was the identification of the defendant as the extortionist in the instant case inadmissible in evidence?
'As to the second point, the record shows that the State spent a considerable portion ■of the trial proving, over repeated objections, that the defendant allegedly committed 7 extortions, 6 burglaries, 6 larcenies one arson and one auto theft. Many witnesses and exhibits were produced by the State to establish in detail the commission of each of these offenses.
The law is well settled that evidence of other crimes separate from the crime for which the defendant is charged is inadmissible if its sole relevancy is to show bad character of the accused. Williams v. State, Fla., 110 So.2d 654. Evidence of other crimes is admissible only if it is relevant to prove the case on trial by establishing a common scheme or plan, identity, motive, intent or absence of mistake. Talley v. State, 160 Fla. 593, 36 So.2d 201.
The admissibility of evidence alleging similar crimes turns in the similarity between the method or modus operandi by which other crimes and the crime on trial were committed. Padgett v. State, Fla., 53 So.2d 106; Harris v. State, Fla.App., 183 So.2d 291.
The record shows that the modus operandi in the other crimes and the crime for which the appellant was tried were fundamentally different. In all of the other crimes except two, the defendant allegedly broke into the offices of professional men, stole files and other property, telephoned the victims who then ransomed the stolen property for a sum of money. The alleged crimes involved a completely different modus operandi. Here the defendant allegedly telephoned Sears & Roebuck and threatened to bomb the Sears store during business hours unless Sears paid him $40,000. The method of extortion here did not involve prior burglaries or thefts or ransoms as was involved in the other crimes. Here there was an out and out threat to do serious injury and property damage by bombing in order to extort money.
The trial judge was in error in admitting the testimony of so many other crimes and judgment of conviction should be reversed and a new trial granted. The other questions presented need not be decided as the same are unnecessary. The judgment appealed from is reversed and a new trial awarded.
Reversed and remanded.