214 So.2d 41 (1968)
Tommy Edward DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-793.
District Court of Appeal of Florida. Third District.
September 24, 1968.
*42 Robert L. Koeppel, Public Defender, and Jeffrey Michael Cohen, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
The defendant, Davis, was tried by jury, found guilty of robbery and sentenced to the state penitentiary for twenty years.
On appeal, he claims reversible error was committed "in that the court permitted the state to make an improper and highly prejudicial closing argument to the jury."
The defendant took the stand during his trial and admitted on cross-examination that he had previously been convicted of three felonies and a misdemeanor. There was no evidence adduced on the specific type of crimes for which he admitted conviction.
On closing argument the assistant state attorney made the following pertinent remarks:
* * * * * *
"* * * The State has the burden even of protecting each and every man, every woman, every child and every boy. Here is a man who has come to you; he has gotten on the witness stand; he has testified, `Yes, I have been convicted of three felonies.'
Now, he brought a gentleman in here who testified, `Yes, he was in prison from 1964 to March 3rd of 1967.' Less than 44 days after he got out of prison he is back robbing and doing the very same thing for which he was put in there the first time.

* * * * * *
Gentlemen, if this man is sent out on the street to do the very same thing, the only question that can never be resolved, if you will, or put in the same position to ask, `Am I to be next?'" [Emphasis Added]
* * * * * *
These remarks were objected to by the defense but the objections were overruled by the trial judge.
We find the prosecutor's remarks to have prejudiced the defendant's right to a fair trial under the authority of Grant v. State, Fla. 1967, 194 So.2d 612; Adams v. State, Fla. 1966, 192 So.2d 762; Stewart v. State, Fla. 1951, 51 So.2d 494; Simmons v. State, 139 Fla. 645, 190 So. 756 (1939); Carlile v. State, 129 Fla. 860, 176 So. 862 (1937); Akin v. State, 86 Fla. 564, 98 So. 609 (1923); and Ailer v. State, Fla.App. 1959, 114 So.2d 348.
Consequently, the judgment and sentence herein are reversed and the cause remanded for a new trial.
It is So Ordered.