232 So.2d 44 (1970)
Donald WINGATE, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-563.
District Court of Appeal of Florida, Third District.
February 24, 1970.
Hughlan Long, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
The appellant was convicted and sentenced for the crime of robbery. He now appeals and presents two points for reversal. As to the first point, the appellant contends that it was reversible error for the trial court to permit the introduction of certain testimony at trial. This testimony was by witnesses to separate robberies other than the one which formed the basis for the information under which the appellant was convicted in the instant case. Four such witnesses testified in regard to robberies wherein they were victimized.
The test as to the admissibility of such evidence is whether it is clearly relevant and material to the issues being tried. Williams v. State, Fla. 1959, 110 So.2d 654. It appears to us that the theory underlying the state's presentation of such witnesses was a valid one, as their combined testimonies tended to establish a definite and ascertainable modus operandi similar to the scheme of robbery used on the victim of the robbery in the instant case. Such evidence *45 does not become inadmissible when the defendant is acquitted on a trial of a charge of those other crimes. Blackburn v. State, Fla.App. 1968, 208 So.2d 625. A composite picture of the robber, corroborated by the joint testimonies offered, revealed him as a lone gunman, armed with a blue steel automatic pistol, who wore a railroad engineer type cap (ostensibly to cover his baldness), who drove an early model off-white color automobile, who victimized small, one-employee establishments, and who took special precautions not to touch and fingerprint any object in the store, even to the extent of carrying off the entire cash drawer. In our opinion, the totality of this evidence is certainly relevant and admissible under the test set forth in Williams, supra, and does not bear a crucial resemblance to the facts in Harris v. State, Fla.App. 1966, 183 So.2d 291, or Steppe v. State, Fla.App. 1967, 193 So.2d 617, both cases having required reversals because of irrelevant evidence which tended to assail the character of the accused. See also Franklin v. State, Fla. App. 1969, 229 So.2d 892, Third District Court of Appeal, released December 16, 1969.
A fifth witness gave evidence concerning the appellant's escape from the prison ward at Jackson Memorial Hospital at a date prior to that of the alleged robbery. Although we must agree with the appellant's contention that such evidence bore no relevance to the crime for which he was on trial, its introduction, in view of the other evidence presented, was at best harmless error. See Cornelius v. State, Fla. 1950, 49 So.2d 332.
Finally, the appellant contends that certain remarks by the prosecutor during closing argument were so highly prejudicial that the trial judge should have granted a mistrial upon the motion of defense counsel.[1] We cannot agree. As was stated in the case of Spencer v. State, Fla. 1961, 133 So.2d 729, "The rule is that considerable latitude is allowed in arguments on the merits of the case." And in the case of Collins v. State, Fla. 1965, 180 So.2d 340, at page 342, the court stated:
"Each case must be considered upon its own merits and within the circumstances pertaining when the questionable argument is made. The rule is clear against inflammatory and abusive argument  the problem is applying the rule to the particular facts at hand. The history of the legal profession is clear also in its love of florid and dramatic perorations."
However, our attention has been directed to several decisions which reversed due to remarks similar to the one objected to herein. Grant v. State, Fla. 1967, 194 So.2d 612; Stewart v. State, Fla. 1951, 51 So.2d 494; Chavez v. State, Fla.App. 1968, 215 So.2d 750; Davis v. State, Fla.App. 1968, 214 So.2d 41. It is our belief that, when examined in its total context, the closing argument in the case sub judice is not so prejudicial or inflammatory as to require reversal.
Our holding here should not be construed as receding from prior holdings which admonished counsel to stay within the realm of proper argument. Eg., Stewart v. State, Fla. 1951, 51 So.2d 494; Beard v. State, Fla. App. 1958, 104 So.2d 680. Certainly, the ideal climate for the conduct of a criminal trial is one of fair and cool impartiality. Goddard v. State, 143 Fla. 28, 196 So. 596 (1940). However, the emotional weaknesses unto which men are prone have been recognized by the common law, and provision *46 has been made for these human fallibilities which may intrude upon the most experienced prosecuting attorneys. Eg., Singer v. State, Fla. 1959, 109 So.2d 7; Frenette v. State, 1947, 158 Fla. 675, 29 So.2d 869. We also feel compelled to recognize the increased degree of sophistication and intelligence which the modern jury possesses for its assessment of the evidence presented and the arguments of counsel. Compare Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, 718. The trial judge, too, is afforded great latitude in his discretion to grant or deny a motion for mistrial. Eg., Furr v. State, 152 Fla. 233, 9 So.2d 801 (1942). In the case sub judice, the objectional comment was weighed by the trial judge as he determined whether the jury would be so prejudiced by the argument as to render a verdict different from one properly supported by the evidence and presentation of counsel. This determination was made by the trial judge from a position of experience and intimacy with the case which cannot be duplicated by any other tribunal. Eg., Bertone v. State, Fla.App. 1969, 224 So.2d 400. Thus, although the judge found the argument objectionable and sustained counsel's objection thereto, he did not feel that this small portion of argument recited by the prosecuting attorney in her closing rebuttal statement to the jury was so inflammable and prejudicial as to require a mistrial. We are compelled to sustain the decision of the trial judge for the reasons expressed above.
For the following reasons then, the judgment and sentence being appealed are hereby affirmed.
PEARSON, Chief Judge (dissenting).
I would reverse the judgment and remand the cause for a new trial. It is my firm persuasion that the appellant was not afforded a fair trial because of the accumulated errors in the admission of evidence concerning other crimes and the unwarranted and prejudicial comments of the prosecutor.
The state over objection introduced evidence in an attempt at establishing that the appellant committed four separate robberies and a jail escape for which he was not on trial. The claim of similarity as to the robberies was in my opinion strained, and in two of these robberies the defendant had previously been tried and acquitted. See Williams v. State, Fla. 1959, 110 So.2d 654; Franklin v. State, Fla.App. 1969, 229 So.2d 892.
The prosecutor's comments quoted in the majority opinion were clearly prejudicial. See Stewart v. State, Fla. 1951, 51 So.2d 494; Davis v. State, Fla.App. 1968, 214 So.2d 41; Chavez v. State, Fla.App. 1968, 215 So.2d 750. Prosecutors should content themselves with presenting competent, relevant evidence and refrain from overkill, which as in the present case, prejudices a defendant's right to a fair trial.
NOTES
[1] "If it please the court, Mr. Hubbart and ladies and gentlemen of the jury, there are a few things I would like to say at this time in response to Mr. Hubbart's statements to you, and one of them is that I hope you realize that there is more at stake today than one man's freedom.

"I think there is at stake today the protection and safety of society. [The defense counsel] is asking you to let this man walk back on the streets again; and I am asking you not to; I am asking you not to allow this man to go back on the street and to redo those things that he has done."