461 So.2d 202 (1984)
Jeffrey Scott GAGE, Appellant,
v.
STATE of Florida, Appellee.
No. AY-50.
District Court of Appeal of Florida, First District.
December 14, 1984.
*203 Michael E. Allen, Public Defender, Terry Carley, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Greg Smith, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Gage appeals from prison sentences imposed on him following revocation of his probation. He contends the sentences should be vacated because the record does not show that in selecting sentencing pursuant to the sentencing guidelines he knowingly and intelligently waived his right to parole eligibility. Next, he contends the trial court erred in failing to order the State to prepare a sentencing scoresheet.
Gage's first contention is the same one rejected by this Court in Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984), where we held an affirmative selection is all that is required. We reject this contention on authority of Moore, but certify the following question to the Supreme Court as one of great public importance:
When a defendant who committed a crime before 1 October 1983 affirmatively selects sentencing pursuant to the sentencing guidelines, must the record show the defendant knowingly and intelligently waived the right to parole eligibility?
The record of the sentencing hearing shows that the trial court did not have a scoresheet before it when it imposed the sentences challenged by this appeal. Gage's counsel informed the court that she had prepared one but felt it was incorrect. The court then gave leave to file a correct one within five days of the hearing. There is no indication that the allegedly incorrect scoresheet was seen by the court. It does not refer to it nor does it appear in the record. Nor could it have had before it the scoresheet that does appear in the record, indicating a score of 14 points. Not only is there no date on this scoresheet to indicate when it was filed, but the court had just given Gage's counsel five days past the hearing to file it. It therefore appears that there was no scoresheet before the court when it imposed the sentences, despite the admonition of Rule 3.701(d)(1), Florida Rules of Criminal Procedure, that "[t]he sentencing judge shall approve all scoresheets" and of the note to the rule: "Ultimate responsibility for assuring that scoresheets are accurately prepared rests with the sentencing court."
The erroneous nature of this sentencing procedure is further pointed out by this court in Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984). This court recognized that "a trial judge may go outside the recommended range if he explains in writing the reasons for his departure" but that *204 he "must make an initial determination of the recommended range for a defendant's crime, and only then may he make a determination that circumstances justified departure, giving his reasons in writing." Here, the trial judge could not have made this initial determination because he had no scoresheet before him when he passed sentence. We are compelled to reverse on this issue.
It is unnecessary for us to reach Gage's third contention because of our reversal on his second contention. Nevertheless, we wish to point out that the method used by the trial court in stating his reason for departing from the sentencing guidelines is erroneous. See Jackson v. State, supra. Also, violation of a substantive condition of probation can be a clear and convincing reason for departing from the guidelines. See Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984); Carter v. State, 454 So.2d 739 (Fla. 5th DCA 1984); and Addison v. State, 452 So.2d 955 (Fla.2d DCA 1984).
Affirmed in part, reversed in part, and remanded to the trial court for the purpose of complying with the provisions of Rule 3.701(d)(1), Florida Rules of Criminal Procedure, and after compliance for sentencing under the guidelines.
ERVIN, C.J., and ZEHMER, J., concur.