471 So.2d 608 (1985)
Leon D. FINKLEA, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-432.
District Court of Appeal of Florida, First District.
June 18, 1985.
Rehearing Denied July 22, 1985.
*609 Michael E. Allen, Public Defender, and Andrew Thomas, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PEARSON, TILLMAN (Ret.), Associate Judge.
Appellant was found guilty after jury trial of armed robbery and aggravated battery. He was adjudged guilty and sentenced to a term of life imprisonment and 15 years, consecutively. The controlling question on the adjudication of guilt is whether the trial court committed reversible error in denying appellant's motion for a mistrial based upon appellant's assertion that the prosecution had exercised peremptory challenges to systematically exclude all black jurors solely on the basis of race.
The record shows that nine of the prospective jurors who were excluded upon peremptory challenges were black and that, at the trial, appellant faced an all-white jury.
In Swain v. Alabama, 380 U.S. 202, 222, 85 S.Ct. 824, 837, 13 L.Ed.2d 759, 763 (1965), the United States Supreme Court, in a case where peremptory challenges had been used with the result that all six of the available jurors who were black were excluded from the jury, held (380 U.S. at 222, 85 S.Ct. at 837):
The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes.
However, the Florida Supreme Court, in State v. Neil, 457 So.2d 481 (Fla. 1984), has adopted a more liberal test and has set forth, as follows, the means by which it is to be applied:
Instead of Swain, trial courts should apply the following test. The initial presumption is that peremptories will be exercised in a non-discriminatory manner. A party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group *610 and that there is a strong likelihood that they have been challenged solely because of their race. If a party accomplishes this, then the trial court must decide if there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race. If the court finds no such likelihood, no inquiry may be made of the person exercising the questioned peremptories. On the other hand, if the court decides that such a likelihood has been shown to exist, the burden shifts to the complained-about party to show that the questioned challenges were not exercised solely because of the prospective jurors' race. The reasons given in response to the court's inquiry need not be equivalent to those for a challenge for cause. If the party shows that the challenges were based on the particular case on trial, the parties or witnesses, or characteristics of the challenged persons other than race, then the inquiry should end and jury selection should continue. On the other hand, if the party has actually been challenging prospective jurors solely on the basis of race, then the court should dismiss that jury pool and start voir dire over with a new pool.
There is extensive argument in the parties' briefs as to whether State v. Neil is to be applied retroactively. We would hold that the application of Neil to cases on direct appeal at the time of the Neil decision is not a retroactive application of the decision. See Jones v. State, 466 So.2d 301 (Fla. 3d DCA 1985). Thus, in applying the Neil test to the case sub judice, it is clear upon this record that appellant did not make a sufficient showing in the trial court to require reversal. Initially, at the time of the motion for a mistrial, appellant merely asserted the circumstance of the challenge of the prospective jurors and took the position that the facts stood for systematic exclusion. At a reported bench conference, the court discussed the various challenges and found that there was not a substantial likelihood that they had been exercised solely on the basis of race. We find nothing in this record which would justify a reversal of the trial court on this point. Accordingly, under the Neil test, error has not been demonstrated upon appellant's first point.
Appellant's second point is directed to a jury instruction given by the court. Our review of the entire record convinces us that no prejudicial error has been shown. Sections 59.041 and 924.33, Florida Statutes (1983).
Appellant's third point is directed to the court's failure to have a sentencing guidelines scoresheet at the time that sentence was imposed. The record supports this point, and the sentence must be reversed. Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984).
The judgment is affirmed, the sentence is reversed, and the cause is remanded for resentencing.
MILLS, J., concurs.
NIMMONS, J., concurs with written opinion.
NIMMONS, Judge, concurring.
I concur in Judge Pearson's opinion. I would only emphasize that the defendant's attorney failed to carry his initial burden under Neil of demonstrating on the record that "there is a strong likelihood that [the black prospective jurors were] challenged solely because of their race." 457 So.2d at 486. Absent such showing the complaining party is not entitled under Neil to further inquiry.