PER CURIAM.
Appellant pled guilty to solicitation to commit armed robbery and was placed on probation. He was charged with violating his probation by committing four new offenses. In two separate trials, appellant was tried and convicted of the offenses and he appealed. (Case Nos. AZ-432 and BA-260 in this court). Based on this criminal conduct, the trial court revoked appellant’s probation and adjudicated him guilty of solicitation.
Appellant’s convictions for armed robbery and aggravated battery in Case No. AZ-432, which have been affirmed by this court, Finklea v. State, 471 So.2d 608 (Fla. 1st DCA 1985), provide an adequate basis for the probation revocation. However, the judgment incorrectly reflects that solicitation to commit armed robbery is a first degree felony. Under Section 777.04(4)(a), Florida Statutes (1981), capital felonies which are solicited are first degree felonies. Armed robbery is not a capital felony, but a life felony and Section 777.04(4)(b), Florida Statutes (1981), provides that life felonies which are solicited are punishable as second degree felonies. Upon remand, the judgment should be modified to reflect that soliciting to commit armed robbery is a *833 second degree felony rather than a first degree felony.
The judgment is AFFIRMED as modified, and the cause is remanded to permit correction of the judgment.
MILLS, SMITH and THOMPSON, JJ., concur.