WENTWORTH, Judge.
These consolidated appeals are from concurrent five-year sentences of incarceration for grand theft and for violation of a prior sentence of community control for grand theft. Appellant contends the trial court committed reversible error by imposing sentence without the benefit of a guidelines scoresheet. We reverse and remand for resentencing.
Appellant pleaded guilty to a grand theft charge on June 5, 1984, and was placed on community control for two years. On August 23, 1984, he was charged with dealing in stolen property, which resulted in violation of his community control. At a hearing on both cases, appellant entered a negotiated guilty plea to grand theft on the new charge, and to violation of community control. After appellant was allowed to offer mitigation, the court sentenced him as stated. A scoresheet and presentence investigation report had been compiled before appellant was placed on community control, but no updated scoresheet was before the court at the hearing. Upon sentencing, the court placed this statement into the record:
The court is unaware of what sentencing guidelines scoresheet would show. The court would be unaffected by that in its opinion [sic] the circumstances of this case are sufficient to aggravate you, particularly in light of the fact that you were given a substantial break by being placed on community control originally. A great deal of confidence and faith being placed in you [sic] and that within a very short time extending to you that faith and confidence by this court your plea being entered and you were placed on probation the fifth day of June, 1984, [sic] a warrant being issued for you for violation on July 10th, the alleged offense occurring June 12th, are sufficient aggravating circumstances as to disregard sentencing guidelines so that the maximum can be imposed.
Appellant argues in these appeals that the trial court committed reversible error in failing to obtain a new scoresheet upon sentencing. Section 3.701(d) provides:
One guideline scoresheet shall be prepared for each defendant covering all *51 offenses pending before the court for sentencing. The state attorney’s office will prepare the scoresheets and present them to defense counsel for review as to accuracy in all cases unless the judge directs otherwise. The sentencing judge shall approve all scoresheets.
When a trial court goes outside the recommended range of the guidelines for sentencing, the court must make an initial determination of the recommended range for a defendant’s offense, and only then may the court make a determination that circumstances justify departure, giving the reasons in writing. Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984). In the present case, the trial court’s failure to have a guidelines scoresheet covering all offenses pending for sentencing is reversible error. Finklea v. State, 471 So.2d 608 (Fla. 1st DCA 1985); Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984).
Without an updated scoresheet including all offenses pending for sentencing, the court would not have known what the recommended guidelines sentence would be and therefore would not have had any valid basis for determining an aggravated sentence. We accordingly vacate the sentences and remand for resentencing after compliance with the rule.
BOOTH, C.J., and SMITH, J., concur.