NIMMONS, Judge.
This is an appeal from a sentence imposed, upon revocation of probation, without the benefit of a guidelines scoresheet. We reverse and remand for resentencing.
In March 1984, appellant entered a plea of guilty to the felony charge of resisting an officer with violence. A scoresheet was subsequently prepared which recommended a sentence of any nonstate prison sanction. The trial court withheld adjudication of guilt and placed appellant on three years probation.
Some time thereafter, appellant violated his probation. In June 1985, upon appellant’s admission of the probation violation charge, the trial judge revoked appellant’s probation, adjudicated appellant guilty, and sentenced him to three years imprisonment. Apparently, no guidelines scoresheet was referred to or relied upon at the sentencing.
It is now well-established that a trial judge must have before him a sentencing guidelines scoresheet at the time that sentence is imposed. Finklea v. State, 471 So.2d 608 (Fla. 1st DCA 1985); Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984). Moreover, as this Court recently stated in Walker v. State, 486 So.2d 50 (Fla. 1st DCA 1986), the trial judge, upon sentencing a defendant after revocation of probation, should have before him an updated score-sheet.
Nevertheless, the State asserts that no useful purpose would be served by remanding for resentencing because the score-sheet which was previously prepared when the appellant was placed on probation is *1238 sufficient to sustain the later sentence because, as the State says in its brief:
The court recognize (sic) that upon violation of probation trial courts can impose ‘automatic’ departure sentences. If a scoresheet is not necessarily to be followed, why must it be rewritten?
In the first place, violation of probation does not authorize “automatic” departure sentences. Instead, under Pla.R. Crim.P. 3.701 d.14., a sentence imposed after revocation
“... may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.”
Secondly, from our examination of the original scoresheet, which has been included in the record on appeal, the sentence imposed upon revocation exceeded the range of the next higher cell and there was no effort by the trial court to state clear and convincing reasons for a departure sentence.
Accordingly, the sentence is vacated and the case is remanded for further proceedings consistent with this opinion.
MILLS and WENTWORTH, JJ., concur.