DAUKSCH, Judge.
This is an appeal from a conviction and a cross-appeal from a sentence in a criminal case. We affirm the conviction but quash the sentence.
Appellant alleged in his motion to dismiss, filed under Florida Rule of Criminal Procedure 3.190(c)(4), that he was a passenger in a car which contained cocaine. Appellant said he was with two others in the car and that he had no knowledge of the existence of the drug and no control over it. The state denied his assertions by filing a traverse to the motion to dismiss. Thus a factual dispute existed at that time — the state said he did and the defendant said he didn’t. A trial is where disputed issues of fact are determined. Appellant chose not to go to trial, but to plead nolo contendere. By this plea he neither admits nor denies the state’s allegations and submits himself to the court for disposition. The court found him guilty and sentenced him to two years probation.
A crime was alleged by the state. The state proved at least joint possession of the cocaine. The defendant was properly found guilty and convicted. His mere assertion that he knew nothing of the cocaine and had no control over it is not sufficient to require the trial court to find him not guilty. If the state properly traverses a 3.190(c)(4) motion then the trial judge cannot dismiss the case. Fla.R. Crim.P. 3.190(d). There is no issue raised here regarding the legal sufficiency of the traverse so no error in that regard is before us.
Cross-appellant, upon receiving the brief of appellant which contains in its appendix a copy of appellant’s rap sheet, filed a cross-appeal raising the issue of appellant’s sentence. It is apparent from this rap sheet that the two-years probation given appellant was a downward departure from the sentencing guidelines recommended sentence. No scoresheet is in the record so we quash the sentence and remand for resentencing under the guidelines. Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984), approved, 480 So.2d 1291 (Fla.1985). If the court intends to depart then the reasons must be in writing in order to permit review to determine the legality of any departure.
Conviction AFFIRMED; Sentence QUASHED.
UPCHURCH, C.J., and SHARP, J., concur.