578 So.2d 37 (1991)
James BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0723.
District Court of Appeal of Florida, Fourth District.
April 17, 1991.
*38 Richard L. Jorandby, Public Defender and Jill Hanekamp, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Michael H. Greenfield, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged with strong arm robbery and convicted of petit theft. He argues that the lower court erred in misstating a jury instruction, instructing the jury on battery as a lesser included offense of strong arm robbery, and denying his motions for mistrial following two comments made by the prosecutor during closing argument. We find no reversible error on the record, and affirm appellant's conviction.
The state adduced evidence that appellant forcibly removed a gold chain from the victim's neck. In the course of instructing the jury, the trial judge stated:
In the State of Florida, the cutoff between grand theft and petty theft is $300.00, and I have determined as a matter of law, that the property taken was not more than $300.00, therefore petty theft is the lesser included offense.
Moments after the jury retired to deliberate, defense counsel informed the trial judge that he had erred. The jury was recalled and further instructed:
I have the extremely rare occasion to call you back .. . but, I want to clear something up in an abundance of caution, ... it's been pointed out that when I was talking about petty theft and grand theft, I said, I have determined as a matter of law that the property taken was less than $300.00, the value of the property taken. I didn't mean to imply or infer that I found as a matter of law that any property was taken. That's up to you to determine as the jurors. .. . You know, that's completely up to you to determine, as the jurors in this case. So, anything I may have said that would lead you to believe that I found as a matter of law that property was taken, you should disregard.
Beyond this curative instruction, the jury was instructed twice more that the state had the burden of proving both elements of petit theft, beyond a reasonable doubt.
We believe the judge's comments here were inadvertent and adequately cured by the instructions which followed. The instant case is distinguishable from Redford v. State, 477 So.2d 64 (Fla. 3d DCA 1985), where no curative instructions were given. Further, unlike Reyes v. State, 547 So.2d 347 (Fla. 3d DCA 1989), the inadvertent comment in the instant case does not involve a trial judge's improper comment upon the testimony of witnesses or departure from an impartial role.
Appellant argues that the trial court erred in instructing the jury on battery, a permissive category two lesser included *39 offense of robbery. A jury should not be instructed on a category two crime, even if evidence of the crime is adduced during trial, unless the information or indictment alleges the elements of the crime, or based on stipulation of counsel. See State v. Wimberly, 498 So.2d 929 (Fla. 1986). The information in the instant case adequately alleged that appellant intentionally caused bodily harm to another, and evidence of this crime was adduced at trial. Therefore the jury was properly instructed on battery.
Lastly, appellant argues that the court erred in refusing to grant his motions for mistrial following two comments made by the prosecutor during closing argument. One comment concerned an objection made by defense counsel during trial. Appellant failed to present the argument advanced on appeal to the trial court, therefore possible error regarding this comment has not been properly preserved for appellate review. Ferguson v. State, 417 So.2d 639 (Fla. 1982).
The second comment occurred near the start of the prosecutor's closing argument:
Certainly, as he indicated in voir dire, the Defendant's good name is at stake, and the Defendant's liberty is at stake, and he is representing those interests. I am standing before you representing the interests of the people of the State of Florida, and there are yet other interests at stake, which is the interest of the people of the State of Florida in being safe in their environment.
This statement is virtually identical to that objected to in Wingate v. State, 232 So.2d 44 (Fla. 3d DCA), cert. denied, 237 So.2d 764 (1970), cert. denied, Wingate v. Florida, 400 U.S. 994, 91 S.Ct. 467, 27 L.Ed.2d 443 (1971). There, as here, a review of the prosecutor's entire closing argument reveals that the improper comment was not so prejudicial or inflammatory as to require reversal. Id. at 45.
Appellant's conviction is affirmed.
STONE and POLEN, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I believe the prosecutor's second comment in this case was inappropriate and empathize with Judge Pearson's dissenting concerns in Wingate v. State, 232 So.2d 44 (Fla. 3d DCA), cert. denied, 237 So.2d 764 (Fla. 1970), cert. denied, 400 U.S. 994, 91 S.Ct. 467, 27 L.Ed.2d 443 (1971), upon the question of the prosecutor's comment in that case. The effect of the comments in both cases was to distract the jurors' attention away from their sole responsibility to determine the guilt or innocence of the defendant before them  based on the evidence and the law as instructed by the trial judge  not on an editorial appeal to societal fears. Judge Hurley's succinct observation in Boatwright v. State, 452 So.2d 666 (Fla. 4th DCA 1984), is worth repeating: "It diverts the jury's attention from the task at hand and worse, prompts the jury to consider matters extraneous to the evidence." Id. at 667.
Nevertheless, the prosecutor's following comment in Boatwright was clearly more egregious than in Wingate, in my view:
"I'm asking you to do your job today, here in this courtroom and send these folks a message we're not gonna put up with this kind of stuff." During the rebuttal phase of final argument, the prosecutor again stated, "This is our country, this is our nation, it's time to send 'em  send criminals a message we're not gonna tolerate it any more... ."
Id. at 667.
Moreover, it is my further view that the prosecutor's comment in Wingate was worse than that of the prosecutor's here; and that the evidence in this case renders the error harmless.