PER CURIAM.
We reverse the defendant’s cocaine trafficking conviction and order a new trial based on the following analysis.
The defendant was driving a car which police stopped. Upon observing a marijuana cigarette in the vehicle, the police officer undertook a search, found a cardboard box containing cocaine and arrested the defendant. At trial the defendant answered a cocaine trafficking charge with the defense that the car he was driving belonged to his sister-in-law and that he had no knowledge concerning the nature of the substance which was found inside the box. The defendant was convicted of the charge and now appeals.
We hold that the trial court reversibly erred in refusing to instruct the jury that knowledge of the nature of the substance the defendant possessed was an essential element of the crime. State v. Dominguez, 509 So.2d 917 (Fla.1987). While the 1987 statutory amendment to section 983.12, Florida Statutes, may well abrogate the Dominguez rule, that statute had not been adopted and did not take effect until after the crime in this case had been committed. Accordingly, it is not controlling here. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344, reh’g denied, 434 U.S. 882, 98 S.Ct. 246, 54 L.Ed.2d 166 (1977).
The trial court further erred in admitting evidence, over defense objection, concerning the marijuana found in the car where the defendant had already been acquitted of a marijuana possession charge. It was not necessary for evidence of that charge to be admitted since the lawful right of the police to be where they were when the cocaine was discovered was not at issue at the time of trial. That issue had already been resolved at a previous motion to suppress hearing. See Heuring v. State, 513 So.2d 122 (Fla.1987); Walker v. State, 567 So.2d 15 (Fla. 4th DCA 1990). Cf. Wells v. State, 477 So.2d 26 (Fla. 3d DCA 1985) (no “probable cause exception” to the hearsay rule).
Based on the foregoing, the defendant’s conviction is reversed and the cause is remanded for a new trial.