PER CURIAM.
Jose Arboleda appeals his conviction for trafficking in cocaine. He alleges as error the trial court’s failure to give part four of the standard jury instruction dealing with trafficking. For the following reasons, we reverse.
Evidence at trial showed that customs inspectors had intercepted a package from Colombia that contained a marble pedestal with 666.9 grams of cocaine concealed inside. Law enforcement officers set up a controlled delivery, and persuaded the defendant to come pick up the package. There was conflicting testimony about whether the defendant, when placing the package in his ear, would have been able to see the cocaine inside the pedestal. At trial, the defendant testified that he did not know there was cocaine in the package, that he was picking up the package only as a favor for his sister in Colombia, and that the pedestal was intended as a birthday present for the mother of his sister’s friend.
Over both prosecution and defense objections, the trial court refused to give the fourth part of the standard jury instruction for trafficking in cocaine. Part four was promulgated by the Supreme Court after the legislature amended section 983.12, Florida Statutes (1987). It specifies that the State must prove beyond a reasonable doubt that the defendant intended to sell, purchase, manufacture, deliver, bring into Florida or possess the specific substance alleged. Fla. Std. Jury Instr. (Crim.) 233. Instead, the trial court gave the jury an instruction based on State v. Dominguez, 509 So.2d 917 (Fla. 1987), that the State had to prove beyond a reasonable doubt that the defendant knowingly possessed cocaine.
The State argues on appeal that the elements of the crime were sufficiently covered by the first three parts of the standard jury instruction plus the Dominguez instruction on knowledge, and that the additional instruction would have only confused the jury. The trial court committed revers *50 ible error when it failed to give part four of the standard jury instruction.
Failure to give a standard jury instruction is reversible error when the omitted standard jury instruction goes to the heart of the defendant’s case. See Pieczynski v. State, 516 So.2d 1048, 1050 (Fla. 3d DCA 1987) (“It is axiomatic that a defendant is entitled to a jury instruction on the theory of his defense if there is evidence in the record to support it.”) (citations omitted); see also McCoy v. State, 493 So.2d 1093 (Fla. 4th DCA 1986); Davis v. State, 254 So.2d 221 (Fla. 3d DCA 1971). Here, the defendant’s testimony directly concerned his intent to traffic in cocaine. This court also previously has noted that the 1987 amendment to section 983.12 may well have abrogated the Dominguez rule, Ledo v. State, 587 So.2d 632 (Fla. 3d DCA 1991), contradicting the State’s argument that the crime’s elements were sufficiently covered by the instructions given.
Because the trial court committed reversible error in the failure to give a portion of the standard jury instruction for trafficking in cocaine[1], we reverse and remand for a new trial.

. In view of oUr reversal, we do not reach defendant’s remaining point.