PER CURIAM.
Defendant-appellant, Robin Cunningham, appeals a judgment of conviction and sentence for trafficking in cocaine in violation of section 893.135(l)(b), Florida Statutes. Cunningham’s sole claim of error is directed to the lower court’s refusal to give two requested jury instructions. We affirm.
Cunningham took a trip from Miami to Costa Rica. When she returned, at the request of a friend in Costa Rica, Cunningham brought back a suitcase. On her arrival in Miami, a search of that suitcase by a customs inspector revealed a quantity of cocaine hidden in the lining of the suitcase’s interior. The state ultimately charged Cunningham with trafficking in cocaine. Her defense at trial was that she did not know that the suitcase contained cocaine.
After all of the evidence had been presented, Cunningham asked that two instructions be read to the jury. Both specifically dealt with her “lack of knowledge” defense. The gist of both instructions was to tell the jury that the state had to prove, beyond a reasonable doubt, that Cunningham knew the suitcase contained cocaine. The trial judge declined to give the requested instructions and instead gave the standard jury instructions for the charged crime.[1] Cunningham objected to the lower court’s refusal to give the requested instructions. The jury ultimately returned a verdict of guilty to the charged offense and the trial court sentenced Cunningham accordingly.
“Refusal to give a requested charge when it is covered by charges given has been held not to constitute error in decisions too numerous to justify citation.” White v. State, 324 So.2d 115, 116 (Fla. 3d DCA 1975), cert. dismissed, 339 So.2d 1173 (1976). We find that the jury instructions given adequately covered the issue addressed in the requested instructions.
In Arboleda v. State, 645 So.2d 48 (Fla. 3d DCA 1994), this court addressed factual circumstance very similar to those in the instant case. There the defendant picked up a package from Colombia as a favor to his sister. The package contained a marble pedestal which, in turn, had 666.9 grams of cocaine hidden inside. On trial for trafficking in cocaine, the defendant testified that while he knew the package contained a marble pedestal, he did not know that cocaine was hidden inside.
On appeal, this court reversed and remanded for a new trial based on the trial court’s failure to give the fourth part of the standard jury instruction for trafficking in cocaine. “It specifies that the State must prove beyond a reasonable doubt that the defendant intended to sell, purchase, manufacture, deliver, bring into Florida or possess the specific substance alleged. Fla.Std.Jury Instr. (Crim.) 233.” Id. at 49. In the instant case, just as in Arboleda, “[t]he defendant’s testimony directly concerned [her] intent to traffic in cocaine.” Id. at 50.
Clearly, the conclusion to be drawn from Arboleda is that the fourth part of the standard jury instructions for trafficking in cocaine adequately covers the “lack of knowledge” defense asserted by Cunningham. As noted earlier, that instruction was given in *1056 this case. Accordingly, no error has been shown.
Affirmed.

. The instructions actually given by the lower court provided in pertinent part:
Before you can find the defendant guilty of trafficking in cocaine the State must prove the following four elements beyond a reasonable doubt.
One, Robin Láveme Cunningham knowingly brought into Florida and/or possessed a certain substance.
Two, the substance was cocaine and/or any mixture containing cocaine.
Three, the quantity of the substance involved was twenty-eight grams or more.
Four, that Robin Láveme Cunningham intended to bring into Florida and/or possess cocaine.