689 So.2d 1258 (1997)
Maria Raquel SANDOVAL, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-725.
District Court of Appeal of Florida, Third District.
March 19, 1997.
Bennett H. Brummer, Public Defender, and Sheryl J. Lowenthal, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN and SHEVIN, JJ.
SHEVIN, Judge.
Maria Sandoval appeals a judgment of conviction for trafficking in cocaine. We affirm.
First, the trial court did not err in sustaining the state's objection to Sandoval's testimony as to her co-defendant's statements that allegedly would show Sandoval's state of mind and explain her actions. Contrary *1259 to Sandoval's contention, that testimony does not fall within the purview of section 90.803(3), Florida Statutes (1995). That section permits, inter alia, the admission of a declarant's statements to prove the declarant's state of mind or to explain or prove the declarant's subsequent conduct. E.g., Jones v. State, 440 So.2d 570, 577 (Fla.1983). The declarant here is the co-defendant and not Sandoval.
Second, the trial court properly denied Sandoval's requested instruction on "mere presence." It is not error to refuse to give a requested instruction, when, as here, the standard instructions given covered the requested instruction. See Cunningham v. State, 676 So.2d 1054 (Fla. 3d DCA 1996).
Finally, Sandoval contends that the prosecutor's closing argument contained improper remarks, requiring the trial court to grant a mistrial even absent a contemporaneous objection. The remarks concerning drug traffickers did not constitute improper argument. The prosecutor did not impermissibly refer to Sandoval as a drug trafficker. Cf. Perez v. State, 689 So.2d 306, 307 (Fla. 3d DCA 1997) ("[I]t is always wrong to call ... defendants names by citing them as examples of a criminal `type.'"); Lopez v. State, 555 So.2d 1298 (Fla. 3d DCA 1990) (repeated references to defendant as a drug dealer who was lying on the stand is improper argument).
As to the crack cocaine remark,[1] we agree with Sandoval that the argument was irrelevant and amounted to improper argument concerning the interest of the people of Florida to be safe in their environment, see Kirtsey v. State, 649 So.2d 946, 947 (Fla. 3d DCA 1995); Baker v. State, 578 So.2d 37, 39 (Fla. 4th DCA 1991); Wingate v. State, 232 So.2d 44 (Fla. 3d DCA), cert. denied, 237 So.2d 764 (Fla.1970), cert. denied, 400 U.S. 994, 91 S.Ct. 467, 27 L.Ed.2d 443 (1971), and to an inappropriate request that the jury "send the community a message." See Crump v. State, 622 So.2d 963 (Fla.1993); Harris v. State, 619 So.2d 340, 343 (Fla. 1st DCA 1993). However, in the context of the entire closing argument, this singular comment was not so egregious as to undermine Sandoval's right to a fair trial. It does not rise to the level of fundamental error. See Crump, 622 So.2d at 972; Hampton v. State, 680 So.2d 581, 585 (Fla. 3d DCA 1996); Killings v. State, 583 So.2d 732 (Fla. 1st DCA 1991). Therefore, we affirm Sandoval's conviction.
We are compelled, however, to remind the prosecutor that this court does not take such comments lightly. As stated by Judge Cross in Kirk v. State, 227 So.2d 40, 43 (Fla. 4th DCA 1969):
The prosecuting attorney in a criminal case has an even greater responsibility than counsel for an individual client. For the purpose of the individual case [the prosecutor] represents the great authority of the State of Florida. [The prosecutor's] duty is not to obtain convictions but to seek justice, and he [or she] must exercise that responsibility with the circumspection and dignity the occasion calls for.... Cases brought on behalf of the State of Florida should be conducted with a dignity worthy of the client. (Emphasis added.)
Accord Hampton, 680 So.2d at 585; Rosso v. State, 505 So.2d 611, 614-615 (Fla. 3d DCA 1987); Peterson v. State, 376 So.2d 1230, 1235 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla.1980).
Affirmed.
NOTES
[1] The prosecutor stated:

The quantity is over twenty-eight grams, and the substance was cocaine. Obviously, we're not talking about sugar here, and this substance does not make lemonade. This substance makes crack cocaine that we find out on the streets of our cities day in and day out. Crack cocaine that destroys people and their families. This is not lemonade.