THOMPSON, J.,
Tyrone Lawton appeals his sentence imposed pursuant to the Prison Release Reoffender Act (“PRRA”). § 775.082(8), Fla. Stat. (1997). We affirm.
Lawton was tried for armed robbery with a weapon[1] and aggravated battery.[2] He was convicted of aggravated battery, and after notice from the state attorney pursuant to PRRA, was sentenced to 15 years incarceration with credit for 483 days time served. He contends on appeal that the PRRA is unconstitutional for several reasons: it violates the doctrine of *52 separation of powers; it violates the single-subject requirement; it violates his due process rights because the act was passed after he got out of prison; and, finally, because the sentence is excessive. These issues have been addressed by the district courts of appeal and none has found the statute unconstitutional. E.g., Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999); McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999); Woods v. State, 24 Fla. L. Weekly D831, 740 So.2d 20 (Fla. 1st DCA 1999); State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998); Scott v. State, 721 So.2d 1245 (Fla. 4th DCA 1998). The second and fourth districts have found, however, that a trial court does not abuse its discretion when it accepts a victim’s written statement not to enhance a sentence and denies the state attorney’s request to enhance the defendant’s sentence. State v. Wise, 24 Fla. L. Weekly D657, 744 So.2d 1035 (Fla. 4th DCA 1999); Cotton. Law-ton does not raise this issue on appeal.
Lawton also contends that the trial court erred when it granted the state’s motion in limine which prevented Lawton from impeaching the victim with two prior convictions. The state moved to exclude testimony that the victim, subsequent to the time he was stabbed by Lawton, had been arrested for felony purchase of drugs.[3] Further, the state moved to exclude testimony that the victim had been convicted of attaching a tag not assigned to his vehicle. Lawton argues that the court abused its discretion by granting the state’s motion since this case involved the credibility of Lawton and the victim. He contends that section 90.610(1), Florida Statutes allows a witness’ credibility to be impeached with prior convictions if the crime involved dishonesty or false statement, and that the plea to a charge involving drugs and the conviction for a crime involving dishonesty, the tag case, were appropriate for impeachment. He contends this was not harmless error. Livingston v. State, 682 So.2d 591 (Fla. 2d DCA 1996). We find the court did not abuse its discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
In this case, the evidence against Law-ton was overwhelming. Lawton was apprehended shortly after he stabbed and robbed a cab driver. A police officer who was investigating the victim’s car in a ditch, identified Lawton as the man he saw fleeing the scene of the crime. Lawton was apprehended when a homeowner found him hiding next to her air-conditioning unit. After his arrest, the police read Lawton his rights and then questioned him. Lawton confessed to the crime but stated the stabbing was an accident, the result of a drug deal gone awry. Even if the trial court erred, it was harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.

. § 812.13(1) & (2)(b), Fla. Stat. (1997).

. § 784.045(l)(a)(2), Fla. Slat. (1997).

. The victim entered a plea to misdemeanor possession of drugs at initial appearance.