767 So.2d 1286 (2000)
Antonal THORNTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3210.
District Court of Appeal of Florida, Fifth District.
October 6, 2000.
*1287 James B. Gibson, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Thornton appeals from his conviction and sentence for robbery with a firearm[1] after a jury trial. He received a life sentence. We affirm his conviction, but vacate his sentence because the parties were unable to supplement the record with a copy of the scoresheet used in sentencing, pursuant to this court's order. The preparation of a scoresheet is required by Florida Rule of Criminal Procedure 3.701(d)(1). See Holton v. State, 573 So.2d 284, 290-91 (Fla.1990); Mohammed v. State, 591 So.2d 1062 (Fla. 2d DCA 1991); McIntyre v. State, 502 So.2d 98 (Fla. 5th DCA 1987); Barr v. State, 474 So.2d 417 (Fla. 2d DCA 1985); Gage v. State, 461 So.2d 202 (Fla. 1st DCA 1984).
Thornton presents numerous points on appeal, which we find have no merit. First he argues the Prison Releasee Reoffender Punishment Act is unconstitutional, as a violation of the separation of governmental powers. § 775.082(8). The Florida Supreme Court has resolved any questions of the statute's unconstitutionality on that ground in favor of validity. See State v. Cotton, 769 So.2d 345 (Fla.2000).
Second, Thornton argues the trial court erred in granting the state's motion in limine to exclude information about the victim of the robbery, Joshua, as having been fired by another employer after the robbery at Winn-Dixie, for making unauthorized long distance telephone calls. The defense argues this would tend to impeach Joshua's veracity, and lend support to Thornton's theory of defensethat the robbery was an "inside" job in which Joshua was a willing participant. However, we agree with the trial court that the fact Joshua made unauthorized telephone calls one year after the crime at issue has little, if any, probative value as to whether Joshua was a victim or an accomplice in *1288 this crime. Our review here is governed by the abuse of discretion standard. Lawton v. State, 743 So.2d 51, 52 (Fla. 5th DCA 1999).
Third, Thornton argues the trial court erred in admitting in evidence a gun found by Olsen's employer, in Olsen's desk drawer. Olsen was Thornton's accomplice and co-defendant in this case. There was testimony at trial that Olsen held a gun on Joshua during the robbery, and the description of the gun matched the appearance of the gun admitted at trial, although there was no evidence that it was the gun used during the robbery. We do not think that it is necessary to establish the weapon was the one actually used in the robbery. See Council v. State, 691 So.2d 1192 (Fla. 4th DCA 1997). It was probative to establish identity of the perpetrators of the robberyOlsen and Thornton. In any event, admission of the gun itself was cumulative to testimony presented by witnesses that a gun was used in the robbery. Coronado v. State, 654 So.2d 1267, 1269 (Fla. 2d DCA 1995).
Fourth, Thornton argues the prosecutor engaged in misconduct during closing argument by using a "send a message" argument. Defense objected and moved for a mistrial, which the court denied. The prosecutor stated to the jury: "Show the defendant by your verdict that you're not going to ..." After the court granted the defense's objection, she used the same language again and was admonished by the court.
Arguments which beseech the jury to convict a defendant for any reason except guilt are highly prejudicial and strongly discouraged. Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984). In Ryan, the prosecutor continually emphasized the fact that the defendant came from money, and that her attorney was an outsider from a big city. He advised the jury that the rich get preferential treatment and he noted she was not handcuffed on the way to jail, as was the general practice. He argued that because she came from money, unconsciously others tended to be subservient. He then asked the jury not to be subservient to money. The court found most disturbing, comments which asked the jury not to set her free because she was a liar and because she's rich and will thumb her nose at "small Martin County."
Similarly, in Davis v. State, 214 So.2d 41 (Fla. 3d DCA 1968), the court commented on the prosecutor's statement that if the jury were to set the defendant free to do the same thing again, the only question that could not be resolved was, "Am I next?" See also State v. Dix, 723 So.2d 351 (Fla. 5th DCA 1998) (prosecutor's closing argument commenting on explanation defendant gave for shooting, proper response to defense theory).
Prosecutorial error alone, however, does not warrant a reversal of a conviction unless those errors are sufficiently serious to impair the basic fairness of the trial. State v. Murray, 443 So.2d 955, 956 (Fla. 1984). Here it appears the prosecutor was not raising the "send a message to the community" argument, which we have found to be egregious and unfair. Rather she was addressing Thornton's defense that he did not commit the crime, although he was therethat others did it. She was asking the jury to determine his guilt, and show him that if he commits a crime, he must pay for it and cannot shift the burden and blame others for his crime. See Sandoval v. State, 689 So.2d 1258, 1259 (Fla. 3d DCA 1997).
In addition, if any error occurred here, it was harmless. Joshua positively identified Thornton as one of the robbers, and Thornton admitted he was present. His sole defense was that even though he was there he had no idea a robbery was taking place. The evidence otherwise was overwhelming. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Finally, Thornton argues the trial court erred when it failed to grant a motion for mistrial, after the court told the jury in response to a jury question that finding Thornton guilty of a lessor included offense would be tantamount to a jury *1289 pardon. Here the comment came in response to a jury question concerning whether it could find Thornton guilty of a lesser charge, despite the fact the evidence presented dealt only with the charge of carrying of a firearm by Thornton's accomplice. The attorneys had agreed the court should respond affirmatively, with one word, but the court expanded its response to "its like a jury pardon."
We do not think this merited a mistrial. The error if any was not prejudicial. Randolph v. State, 556 So.2d 808 (Fla. 5th DCA 1990). The response of the court was in fact a correct statement of the law, and as far as we can detect from the record, did not constitute an instruction that the jury had no choice but to find him guilty.
However as noted above, since there is no sentencing scoresheet in the record, we vacate the sentence and remand for resentencing with a properly prepared scoresheet.
AFFIRMED in part; Sentence VACATED; REMANDED for resentencing.
THOMPSON, C.J., and COBB, J., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1997).