SHEPHERD, J.
 

 Sam Patrick Wallace appeals his conviction for strongarm robbery, claiming the trial court should have granted his motion for judgment of acquittal because the State failed to prove he took the property alleged in the information. We agree and remand for entry of a judgment on the permissive lesser included offense of battery.
 

 Wallace was charged with strong-arm robbery, pursuant to section 812.13(2)(c), Florida Statutes (2008). The information alleged that Wallace, “by force, violence, assault or putting in fear, [ ] did unlawfully and feloniously attempt to take ... [an] IPOD AND/OR BACK PACK, [from Carlos Andino], with intent to temporarily or permanently deprive [Andino] of the property, and in such attempt, did GRAB AND/OR CHOKE CARLOS ANDINO WHILE TAKING [the] IPOD AND/OR BACKPACK, in violation of s. 812.13(l)(2)(c) ..., Fla. Stat.”
 

 Section 812.13(1), Florida Statutes (2008), defines robbery as:
 

 the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
 

 Section 812.13(2)(c), provides, “If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree.... ” Unfortunately for the State, even viewing the evidence in a light most favorable to the State, as we are required to do,
 
 [1]
 
 the evidence adduced by the State does not support the conviction.
 

 The only witness to present evidence relevant to the alleged taking of the back
 
 *1088
 
 pack and iPod, the element of the crime which Wallace contends remained unproven at the close of the evidence, was the victim, Andino, himself. Andino testified that on the day of the crime, Wallace approached him as he was walking up the steps of the Miami-Dade County Public Library, backpack over his shoulder and iPod in hand, and asked him for a cigarette. Andino obliged. At the top of the steps, Andino entered a nearby bathroom. Wallace followed. Once inside the bathroom, Wallace asked Andino for a dollar. Andino opened his wallet, which contained $222 cash, and gave a dollar to Wallace. He then put the wallet back into his pocket. As Andino exited the bathroom, Wallace grabbed Andino and began to choke him, demanding the cash. During the struggle, the strap to the backpack broke and the backpack and iPod, which Andino had inserted in the backpack upon entering the bathroom, fell to the floor. After a brief period, Andino managed to extract himself from the bathroom with Wallace in tow. A security guard intervened and detained Wallace until police arrived. After Wallace was arrested and the police investigation completed, Andino went back into the bathroom, picked up the backpack from where it rested, and took it home.
 

 Defense counsel twice moved for a judgment of acquittal on the basis the State did not prove a prima facie case of strongarm robbery. In his motion, made at the close of the State’s case, defense counsel argued, “There’s been no ... evidence submitted that [Wallace] intended to deprive Mr. Andino of any type of property, rather evidence has contradicted it.” The trial court denied the motion. At the close of all the evidence, defense counsel argued:
 

 the testimony that we heard did not suggest that Mr. Wallace was even aware that there was an IPod in the bag.... The witness testified that the only interest ... Mr. Wallace had in any of his property was the cash in his wallet[,] which he testified was two hundred and twenty-two dollars.
 

 Defense counsel’s motion for judgment of acquittal again was denied. We conclude the trial court erred. That being so, we address the proper remedy upon remand.
 

 Section 924.34, Florida Statutes (2008), provides:
 

 When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
 

 In
 
 I.T. v. State,
 
 694 So.2d 720, 723 (Fla.1997), the Florida Supreme Court made clear “section 924.34 refers to both category 1 necessary lesser included offenses and category 2 permissive lesser included offenses.” Battery is a permissive lesser included offense of robbery.
 
 See
 
 Fla. Std. Jury Instr. (Crim.) 15.1 (robbery); 8.3 (battery). Because the allegations in the Information included elements of battery, specifically that Wallace “did GRAB AND/OR CHOKE CARLOS ANDINO WHILE TAKING A BACK PACK AND/OR IPOD,” and the jury was properly instructed as to battery,
 
 see
 
 § 784.03, Fla. Stat. (2008) (stating a battery occurs when a person “1. Actually and intentionally touches or strikes another person against the will of the other; or 2. Intentionally causes bodily harm to another person”);
 
 see also
 
 Fla. R. Crim. P. 3.150(b) (stating a trial court shall instruct on any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the in
 
 *1089
 
 dictment or information and is supported by the evidence), we reverse the judgment and direct the trial court to enter judgment of conviction for the permissive lesser included offense of battery.
 
 See
 
 § 924.34;
 
 Michelson v. State,
 
 927 So.2d 890, 893 (Fla. 4th DCA 2005) (finding no constitutional prohibition against remand for conviction of a lesser included offense when the jury specifically has found the existence of all elements of the offense and where the error causing remand does not disturb those findings);
 
 Baker v. State,
 
 578 So.2d 37, 39 (Fla. 4th DCA 1991) (stating jury may be instructed on a category two crime when the information alleges the elements of the crime).
 

 Reversed and remand with directions.
 

 [1]
 

 . Our standard of review of a trial court's denial of a motion for judgment of acquittal is de novo.
 
 Monestime v. State,
 
 41 So.3d 1110, 1113 (Fla. 3d DCA 2010). We view the evidence presented in the light most favorable to the State.
 
 Beasley v. State,
 
 774 So.2d 649, 658 (Fla.2000).